Ni v. Sessions

BIA
Christensen, IJ
A201 138 813

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand seventeen.

PRESENT: REENA RAGGI,
         PETER W. HALL,
         DENNY CHIN,
              *Circuit Judges.*

_____

QIUQUN NI,
         *Petitioner,*

         v.                                          15-3988
                                                     NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
         *Respondent.**

_____

FOR PETITIONER:          Aminat Sabak, Law Offices of Yu &
                         Associates PLLC, New York, New York.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:**              Benjamin C. Mizer, Principal Deputy
                                Assistant Attorney General; Melissa
                                Neiman-Kelting, Senior Litigation
                                Counsel; Lori B. Warlick, Trial
                                Attorney, Office of Immigration
                                Litigation, United States
                                Department of Justice, Washington,
                                D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiuqun Ni, a native and citizen of China, seeks review of the BIA's November 23, 2015 affirmance of an Immigration Judge's ("IJ's") denial of Ni's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Qiuqun Ni,* No. A201 138 813 (B.I.A. Nov. 23, 2015), *aff'g* No. A201 138 813 (Immig. Ct. N.Y. City Apr. 3, 2014). For the reasons stated herein, we conclude that the agency did not err in determining that Ni failed to establish a well-founded fear of persecution based on her membership in the China Democracy Party ("CDP") in New York and her pro-democracy activities in the United States.

Under the circumstances of this case, we review both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2

2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition.

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and

3

identification with, such group.'" *Y.C. v. Holder*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii) (alterations in original)).

First, the agency did not err in concluding that Ni failed to show a reasonable possibility that she would be singled out individually for persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record" a fear of persecution is not objectively reasonable and is "speculative at best."). "Importantly, 'to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his [or her] country of nationality are either aware of his [or her] activities or likely to become aware of his [or her] activities.'" *Y.C. v. Holder*, 741 F.3d at 332 (quoting *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (alterations in original)). Although Ni submitted a letter from her mother stating that she had been visited by police who were aware of Ni's pro-democracy activities in the United States, the agency reasonably gave this letter diminished weight because it was unsworn and submitted by an interested witness unavailable for cross-examination. *See id.* at 334 (affirming agency's determination that letter

from relative in China was entitled to limited weight because it was unsworn and submitted by an interested witness). Apart from Ni's own testimony about the police visit, which was not based on personal knowledge, she submitted no other evidence to show that Chinese authorities were aware of her CDP activities in the United States. Indeed, the only evidence that Ni adduced in support of her contention that Chinese authorities were likely to become aware of her U.S. political activities was her participation in protest demonstrations and her online posting of three articles criticizing the Chinese government. Upon consideration of this evidence, the agency reasonably concluded that Ni's claim was speculative. *See Jian Xing Huang v. INS*, 421 F.3d at 129; *Y.C. v. Holder*, 741 F.3d at 334.

Second, the agency did not err in concluding that Ni failed to establish a pattern or practice of persecution of similarly-situated individuals in China. To establish a pattern or practice of persecution against a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92–93 (2d Cir. 2007). Here, the agency correctly observed that Ni

5

presented evidence of only two CDP leaders who were arrested in China, and that Ni did not claim to be a party leader. The agency therefore did not err in concluding that she failed to show a pattern or practice of persecution of similarly-situated individuals. *See Y.C. v. Holder*, 741 F.3d at 334-35 (affirming agency's denial of pattern or practice claim by low-level CDP member).

Third, Ni faults the agency for denying her application for her failure to submit reasonably available corroborating evidence. The argument is meritless because the record shows that the agency denied asylum based on Ni's failure to carry her burden of proof, not her failure to submit reasonably available corroboration under 8 U.S.C. § 1158(b)(1)(B)(ii).

Accordingly, because the agency reasonably concluded that Ni failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in determining that she necessarily failed to meet the higher burden required for withholding of removal or CAT relief. *Y.C. v. Holder*, 741 F.3d at 335.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6